# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAYAH TRAPHAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00135-TWP-DML |
| | ) |
| PRICEWATERHOUSECOOPERS LLP, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT PRICEWATERHOUSECOOPERS LLP'S PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendant PricewaterhouseCoopers LLP's ("PwC") Partial Motion to Dismiss, seeking the dismissal of Count II in the Amended Complaint, which claims violation of the Equal Pay Act, 29 U.S.C. § 206(d) (Filing No. 18). After four years of employment with PwC, Plaintiff Chayah Traphagan ("Ms. Traphagan") was terminated from her position as a certified public accountant. In January 2016, Ms. Traphagan brought this action against PwC, asserting claims for violation of the Equal Pay Act and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). PwC promptly filed a Partial Motion to Dismiss the Equal Pay Act claim under Federal Rule of Civil Procedure 12(b)(6). PwC seeks dismissal of Count II on the basis that Ms. Traphagan has not alleged the basic facts to support an Equal Pay Act claim and has alleged facts that establish an impenetrable defense to such a claim. For the following reasons, the Court **GRANTS** PwC's Motion.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Ms. Traphagan as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Ms. Traphagan is a certified public accountant and began working for PwC in October 2010 as a tax associate. She worked in this position until her termination from PwC in October 2014. PwC is an international financial firm, providing financial services to clients, including tax services. PwC has an office in Indianapolis, Indiana. Ms. Traphagan began her employment with PwC in its Indianapolis office.

From the beginning of her employment, Ms. Traphagan received positive employee reviews and was praised for her work. She always met or exceeded PwC's expectations. However, she began to feel that she was being discriminated against because of her gender, early in her employment. She noticed that her immediate supervisor spoke to her in a rude and derogatory manner. (Filing No. 15 at 2.)

Approximately one year after Ms. Traphagan began working at PwC, a younger white male with less experience and education than Ms. Traphagan was hired in her department in the same position as Ms. Traphagan. Ms. Traphagan and this male employee shared the same supervisors. Throughout the new employee's training, he received training benefits that were denied Ms. Traphagan. He was given experiences and responsibilities that better positioned him for raises, bonuses, and upward advancement. He also received job assignments that had been promised to Ms. Traphagan. "[T]he male employee received raises and bonuses as a result of these experiences that Ms. Traphagan did not have an opportunity to receive." (Filing No. 15 at 3.) When she began noticing the different treatment, Ms. Traphagan complained to the human resources department. (*Id.* at 2.) Upper level management acknowledged the different treatment afforded the new male employee, but nothing was done to address the issue. (*Id.* at 3.)

Ms. Traphagan became pregnant in the fall of 2012, resulting in her supervisor taking away some important accounts on which she was working. (*Id.*) Her supervisor also did not give promised job assignments to her that would have allowed her to work directly with clients and

helped her to advance in the company. Ms. Traphagan's supervisor cited her pregnancy as the reason for taking away the accounts and failing to give her certain job assignments. Because of these actions by her supervisor, Ms. Traphagan again complained to the human resources department, and they agreed that she had been discriminated against. (Filing No. 15 at 3.)

However, in response to her complaint, PwC retaliated against Ms. Traphagan while she was on maternity leave by reassigning her to the PwC office located in Cincinnati, Ohio. (*Id*.) The human resources department informed Ms. Traphagan that she could work from home and would not have to commute from Indianapolis to Cincinnati, yet Ms. Traphagan began to be criticized for not being in the Cincinnati office. In an effort to appease PwC, Ms. Traphagan began travelling to Cincinnati and living in a hotel room four days a week, but she felt that PwC had set up the situation so that she would fail. PwC became overly critical of Ms. Traphagan's work performance. (*Id*.) She was chastised and disciplined for actions that were commonplace in the office, and she was disciplined for not being in the office. (*Id*.)

"Ms. Traphagan was told by management that her pay was lower because the Cincinnati group was not as profitable as the Indianapolis office," and "[e]ven though Ms. Traphagan was one of the most productive workers in the office, she was terminated in October 2014." (Filing No. 15 at 3–4.)

After filing a charge of discrimination and receiving a notice of right to sue from the U.S. Equal Employment Opportunity Commission, Ms. Traphagan filed her Complaint against PwC on January 18, 2016. On April 5, 2016, she amended her Complaint to focus her suit against PwC on the Equal Pay Act and Title VII claims (Filing No. 15). On April 19, 2016, PwC promptly filed its Answer to the Amended Complaint and simultaneously filed its Partial Motion to Dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

In her Amended Complaint, Ms. Traphagan asserts claims for sex and pregnancy discrimination and retaliation under Title VII and wage discrimination and retaliation under the

4

Equal Pay Act. PwC asserts that it is entitled to dismissal of the Equal Pay Act claims because Ms. Traphagan failed to allege she was paid less than a similarly situated male employees who performed the same work. PwC further asserts that Ms. Traphagan failed to allege that she exercised rights under the Equal Pay Act before PwC allegedly retaliated against her. PwC also briefly raises the two-year statute of limitations for Equal Pay Act claims.

PwC points out that in order to support her Equal Pay Act claim, Ms. Traphagan must show: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998). A pay disparity is permissible if it is "made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974). These exceptions are affirmative defenses on which the employer has the burden of proof. *Corning Glass Works*, 417 U.S. at 196–97.

PwC argues that the allegations in Ms. Traphagan's Amended Complaint establish the fourth affirmative defense—the difference in pay is based on any other factor other than sex—and thus the claim cannot go forward. The Amended Complaint alleges that Ms. Traphagan and a male employee worked in the same department, held the same position, and had the same supervisors. However, the allegations state that the male employee "received training benefits" and was "provided a wider array of experiences and responsibilities that better positioned him for raises, bonuses, and upward advancement." (Filing No. 15 at 2, ¶13.) He "received job assignments that had been promised to Ms. Traphagan." *Id.* at ¶14. "[T]he male employee received raises and bonuses as a result of these experiences that Ms. Traphagan did not have an opportunity to receive." (Filing No. 15 at 3, ¶16.) PwC explains that these allegations serve to

5

preclude Ms. Traphagan's recovery under the Equal Pay Act because they represent that any alleged difference in pay was based on factors other than sex, specifically training, experiences, and responsibilities, not sex.

While PwC acknowledges that a plaintiff need not anticipate affirmative defenses and plead allegations around those defenses, it asserts that case law is clear that a plaintiff may plead herself out of court by pleading facts that establish an impenetrable defense to her claims. *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006). "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits. If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citation and quotation marks omitted). Having pled allegations that establish an affirmative defense to the Equal Pay Act claim, PwC asserts that Ms. Traphagan has pled herself out of court on that claim.

In response to PwC's argument, Ms. Traphagan asserts that "[she] was denied opportunities, based on her sex, that resulted in the male comparator(s) receiving more pay in the form of bonuses and/or raises," and "that the denied opportunities that resulted in unequal pay to male employees were based on sex." (Filing No. 22 at 2.) Furthermore, Ms. Traphagan explains that "she did not receive the same job opportunities as her male counterpart <u>as a result</u> of her sex. That discrimination is the reason she was not offered the same bonuses and raises her male counterpart received." (Filing No. 22 at 3 (emphasis in original).) In support of her retaliation claim, Ms. Traphagan also explains that she alleged in her Amended Complaint that she immediately complained to human resources when she noticed her "male counterpart with less experience and education than her began receiving training benefits and job assignments that had been promised to her." (Filing No. 22 at 4.)

6

PwC replies to Ms. Traphagan's argument by asserting that she has conflated her Title VII claim with her Equal Pay Act claim. PwC explains,

> Although Plaintiff alleges that she suffered Title VII sex discrimination with respect to "training benefits," "experiences," and "job assignments," [see dkt. 15 at ¶¶13-16], she does not allege that she received less pay than any male with equal training, experience, and job assignments, nor does she allege that she ever complained to PwC about any such gender-based pay disparity, as is required for her to state a claim for EPA discrimination or retaliation, respectively.

([Filing No. 23 at 1](#) (emphasis in original).) She simply is alleging denial of training and opportunities on the basis of her sex that resulted in lesser pay based on a Title VII sex discrimination claim.

PwC asserts that the only relevant inquiry under the Equal Pay Act is whether Ms. Traphagan was paid less than a male counterpart "for equal work requiring substantially similar skill, effort, and responsibilities," *Stopka*, 141 F.3d at 685, for no reason "other than sex," 29 U.S.C. § 206(d)(1)(iv). Therefore, allegations in the Amended Complaint about sex discrimination under Title VII, including any failure to train or failure to promote, are not relevant to the Equal Pay Act claim. *See* 29 C.F.R. § 1620.27(c) ("The right to equal pay under the Equal Pay Act has no relationship to whether the employee is in the lower paying job as a result of discrimination in violation of title VII.").

After a careful review of the individual allegations in the Amended Complaint as well as the Amended Complaint as a whole, the Court determines that Ms. Traphagan has failed to sufficiently allege a claim for wage discrimination and retaliation under the Equal Pay Act. The allegations in the Amended Complaint, as well as Ms. Traphagan's arguments in response to the Partial Motion to Dismiss, demonstrate that Ms. Traphagan suffered discrimination in her training, experiences, opportunities, and job assignments. While those differences may result in lesser wages for Ms. Traphagan, the allegations fail to assert lesser wages because of sex. Rather, as

7

PwC asserts, the allegations show that some factor other than sex resulted in the lesser wage—namely training, experiences, opportunities, and job assignments. Ms. Traphagan's Amended Complaint alleges a strong claim for sex discrimination and retaliation under Title VII, however, it does not sufficiently allege a claim under the Equal Pay Act.

Similarly, the retaliation claim under the Equal Pay Act is not sufficiently pled to survive the Partial Motion to Dismiss because the allegations show Ms. Traphagan complained to human resources when she noticed her male counterpart receiving training benefits and job assignments that had been promised to her. The allegations do not demonstrate that she complained of unequal pay based on sex.

## IV. CONCLUSION

For the reasons explained above, PwC's Partial Motion to Dismiss Count II of the Amended Complaint ([Filing No. 18](#)) is **GRANTED**. No partial judgment will issue at this time.

**SO ORDERED.**

Date: 2/14/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robin C. Clay
CURLIN & CLAY LAW
rclay@curlinclaylaw.com

Alexandra M. Curlin
CURLIN & CLAY LAW
amcurlin@curlinclaylaw.com

D. Rusty Denton
BINGHAM GREENEBAUM DOLL LLP
ddenton@bgdlegal.com